## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **GILBERTO V.,**[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 23 C 2786** |
| **v.** | ) | |
| | ) | **Magistrate Judge** |
| **MARTIN J. O'MALLEY,** | ) | **Daniel P. McLaughlin** |
| **Commissioner of Social Security,**[2] | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Gilberto V.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for judgment on the pleadings [12] is denied, and the Commissioner's cross-motion for summary judgment [21] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Martin J. O'Malley has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I.  PROCEDURAL HISTORY

On March 11, 2021, Plaintiff filed claims for DIB and SSI, alleging disability since January 1, 2017. The claims were denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on May 10, 2022, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified. Although a translator was present, Plaintiff testified that he could speak in English about 80% of the time and he responded in complete sentences in English. The hearing was continued so that additional records could be submitted. A supplemental hearing was then held on August 15, 2022. Plaintiff again appeared and testified via telephone. The supplemental hearing was conducted in English without objection by Plaintiff or his representative. A second VE testified at the supplemental hearing.

On September 20, 2022, the ALJ denied Plaintiff's claims for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II.     ALJ DECISION

Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of January 1, 2017. At step two, the ALJ concluded that Plaintiff had the following severe impairments: lateral meniscus tear status/post repair on left; second tear of the horn and body of medial meniscus with repair on left; osteoarthritis of the thoracic spine; obesity; asthma; and degenerative disc disease of the lumbar spine. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with lifting/carrying 20 pounds occasionally and 10 pounds frequently, standing/walking six of eight hours, and sitting six of eight hours. The ALJ found that Plaintiff had the following additional limitations: no climbing ladders, ropes, or scaffolds, unprotected heights or hazardous machinery; occasional climbing of stairs and ramps, stooping, kneeling, crouching and crawling; and occasional concentrated exposure to odors, dust, fumes, gases and other pulmonary irritants. At step four, the ALJ determined that Plaintiff is capable of performing his past relevant work as an inspector hand packager. Accordingly, the ALJ concluded that Plaintiff is not disabled under the Social Security Act.

## DISCUSSION

### I.    ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

4

## II.    JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow

. . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ erred by improperly evaluating the opinion of Plaintiff's primary care provider, Dr. Luna; and (2) with respect to her RFC finding, the ALJ erroneously found a middle ground between the various medical opinions. Each argument will be addressed below in turn.

### A. <u>The ALJ's Consideration of Dr. Luna's Opinions</u>

For his first argument, Plaintiff contends that the ALJ erred in evaluating the opinions of his primary care provider, Dr. Luna. ([13] at 10-12.) Because Plaintiff filed his claim in 2021, the ALJ was required to evaluate the medical opinion evidence under regulations applicable to claims filed on or after March 27,

2017. 20 C.F.R. § 404.1520c (2017). Under these regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). An ALJ is instead required to articulate "how persuasive [she] find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record." 20 C.F.R. § 404.1520c(b). Factors to be considered in this evaluation include supportability, consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(a), (c). Supportability and consistency are the two most important factors. 20 C.F.R. § 404.1520c(a); *see* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."). An ALJ's decision must explain how she considered the factors of supportability and consistency, but she is not required to explain how she evaluated the other factors. 20 C.F.R. § 404.1520c(b)(2).

In her decision, the ALJ assessed Dr. Luna's opinions as follows:

[T]he records contain an opinion from Dr. Luna from Esperanza Health Centers, indicating that the claimant would be absent more than four days per month, he can rarely lift even 10 pounds, he needs to use a cane or other assistive device, he needs a job that permits shifting at will from sitting to standing or walking, he needs 15 unscheduled breaks per day of 20 minutes, and he can sit for less than two of eight hours and stand/walk for less than two of eight hours. This opinion is not persuasive. This opinion is inconsistent with the longitudinal record

7

showing very limited mention of cane use and generally normal ambulation. Moreover, the opinion is inconsistent with the examination findings showing largely normal 5/5 strength in the upper and lower extremities. The opinion is also not supported by the radiology findings of the spine that were noted as not consistent with the claimant's symptomology.

(R. 29 (citations omitted).)

In sum, the ALJ discounted Dr. Luna's opinions because they were not supported by medical records, inconsistent with examination findings, and inconsistent with the longitudinal record. Given the ALJ's explicit rationales, the Court finds that the ALJ properly assessed and explicated supportability and consistency in discounting Dr. Luna's opinions. *See* 20 C.F.R. § 404.1520c(b)(2). The Court must decline Plaintiff's invitation to reweigh the evidence in relation to Dr. Luna's opinions. *See Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021). Thus, ultimately, the Court finds Plaintiff's first argument unavailing.

### B.   The ALJ's RFC Assessment

For his second argument, Plaintiff contends that the ALJ impermissibly found a "middle ground" RFC "between the opinion of a non-examining state agency physician and the disability-supporting opinions of Plaintiff's treating providers without relying on a medical basis for [her] conclusions." ([13] at 12-15.) Pertinent to Plaintiff's argument, the ALJ found "somewhat persuasive" the opinion of the reconsideration-level medical consultant that Plaintiff "could perform light exertion with occasional postural activities except for unlimited balancing, and avoiding concentrated exposure to pulmonary irritants." (R. 28.) The ALJ then explained as follows:

> Finding the claimant capable of light exertion is consistent with the evidence showing largely mild radiology findings of the spine and improvements following left knee surgical intervention. However, the undersigned included more significant postural limitations to fully account for the claimant's knee disorder and history of two knee surgeries, and the combined impact of the claimant's obesity. Additional environmental limitations were also included to account for the claimant's obesity.

(*Id.*)

In advancing his second argument, Plaintiff essentially argues that the ALJ was impermissibly "playing doctor" in crafting the RFC. The Court must reject that argument. As an initial matter, the Court notes that it is "quizzical" for Plaintiff to complain that the ALJ afforded him *more accommodations* than the medical consultant opined were necessary. *See Karla J.B. v. Saul*, No. 19 CV 50019, 2020 WL 3050220, at *4 (N.D. Ill. June 8, 2020) ("Essentially, Plaintiff argues the ALJ erred by placing more – not fewer – restrictions on Plaintiff's RFC. Again, this is a quizzical argument."). Furthermore, as Plaintiff himself concedes, "an ALJ is not required to rely entirely on a physician's opinion as a basis for their RFC finding." ([13] at 14.) Along those lines, the Seventh Circuit has made clear that "the determination of a claimant's RFC is a matter for the ALJ alone – not a treating or examining doctor – to decide." *Thomas v. Colvin*, 745 F.3d 802, 808 (7th Cir. 2014).

Consistent with this authority, the Court finds in this case that the ALJ was not "playing doctor" when she crafted the RFC and considered and weighed the various medical opinions. *See Armstrong v. Barnhart*, 287 F. Supp. 2d 881, 886-87 (N.D. Ill. 2003) ("Our review of the record indicates that the ALJ was not 'playing doctor,' but performing his duty to consider and weigh the evidence."). Further, the

Court finds that – in affording Plaintiff additional postural and environmental restrictions – the ALJ did not reach an impermissible "middle ground" RFC. *See Brenda S. v. O'Malley*, No. 22 C 4796, 2024 WL 3105825, at *2 (N.D. Ill. June 24, 2024) ("Plaintiff's first argument is that by discounting the opinions of the non-examining state agency doctors, who opined Plaintiff could perform a reduced range of medium work, and also rejecting the opinion of her treating doctor, who opined that Plaintiff had disabling limitations, the ALJ was left with an 'evidentiary deficit,' which he impermissibly filled by constructing a 'middle ground' RFC. But this is not what happened. . . . [T]he ALJ did not reject the state agency opinions outright; he adjusted them based on additional evidence from the record.") (citations omitted); *Pelkie R. v. O'Malley*, No. 22-CV-346, 2024 WL 3650187, at *6 (N.D. Ill. Aug. 5, 2024) ("The ALJ's choice to add a postural limitation to accommodate Plaintiff's reported neck symptoms does not alter this result. . . . In doing so, the ALJ did not impermissibly fill evidentiary gaps with his own lay opinions or construct a middle ground RFC without a proper medical basis.") (citations and internal quotations omitted). Accordingly, Plaintiff's second argument is unavailing.

## <u>CONCLUSION</u>

For the foregoing reasons, the points of error raised by Plaintiff are not well taken. Accordingly, Plaintiff's motion for judgment on the pleadings [12] is denied, and the Commissioner's cross-motion for summary judgment [21] is granted.

**SO ORDERED.**                                    **ENTERED:**


**DATE:      January 15, 2025**                    _____
                                                   **HON. DANIEL P. McLAUGHLIN**
                                                   **United States Magistrate Judge**